THE BURGESS, &c. of *Huntingdon, against* JACKSON and CLARK.

When a recognizance entered into on an appeal from a Justice of the Peace is defective, the proper mode to proceed is to obtain a rule upon the appellant to perfect *his* appeal within a given time, or shew cause why it should not be dismissed. But it is error in the Court of Common Pleas to quash such appeal in the first instance.

ERROR to *Huntingdon* county.

This action originated before a Justice of the Peace, who rendered a judgment for the plaintiff for the sum of $100,00. The defendants appealed to the Common Pleas, and entered into a recognizance before the justice with security, "upon condition that the defendants in the above suit prosecute their appeal with effect, &c."

The court below *(Burnside* president, dissenting,*)* struck off the appeal, on the ground that the defendants did not enter absolute bail before the justice, pursuant to the act of 22d March, 1817, when they appealed.

*Miles* for plaintiff in error.

If the recognizance entered into on the appeal, be defective, the party should have been called upon by a rule to perfect his bail within a given period; or in default thereof, that the appeal be dismissed. The court should not have quashed the appeal in the first instance. *Means* v. *Trout,* 16 *Serg. & Rawle,* 349. *Noble* v. *Houk, Ib.* 421.

The, "&c.," means every necessary matter which should be expressed. *Wilson* v. *The Commonwealth,* 10 *Serg. & Rawle,* 375.

A short minute of a recognizance is sufficient. *Commonwealth* v. *Emery,* 2 *Bin.* 431. *Moore* v. *McBride,* 1 *Penn Rep.* 148.

*Bell* for defendant in error,

Cited *Wash. Turn. Co.* v. *Callan,* 8 *Serg. & Rawle,* 517.

The opinion of the court was delivered by

ROGERS; J.—The proper course for the appellee, as was decided in *Means* v. *Trout,* 16 *Serg. & Rawle,* 350, was to call on the appellant to perfect his bail, in a specified period, or in default to have his appeal quashed. Had the appellees pursued this course, the defendants would have had an opportunity to amend, by which

(The Burgess of Huntingdon *v.* Jackson and Clark.)

his right of trial, would have been preserved: If then, there was nothing else in the case, the judgment must be reversed; but we are also of the opinion, that the recognizance was good. The condition of the recognizance is, "that the defendants prosecute their appeal with effect," &c. which if drawn out into form, would be in strict conformity to the act of 22d March, 1817, which prescribes, "that an appeal or writ of error, taken by a corporation, the bail shall be taken absolute for the debt, interest and costs, on affirmance of the judgment." The only objection, which can be made, is to the insufficiency of the sum named in the recognizance, but this defect, the appellee might have cured in the mode pointed out, in the case of *Means* v. *Trout.*

Judgment reversed, with directions to the Court of Common Pleas, to reinstate the appeal.